UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WILLIAM KITCHEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:24-cv-00157-HAB-SLC |
| ROBERT BOSCH LLC, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

On April 17, 2024, Defendant removed this action from the Noble County Circuit Court, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Defendant's allegations pertaining to its own citizenship are deficient. Defendant alleges that it is "incorporated in the State of Delaware, with a principal place of business in Michigan," and therefore is "a citizen of Delaware and/or Michigan." (ECF 1 ¶ 6). But while Defendant asserts that it is a corporation, its name suggests that it is a limited liability company. If Defendant is a limited liability company, its citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Accordingly, the Court must be informed of the name and citizenship of each member of Defendant, tracing such citizenship through all applicable layers of ownership to ensure that none of the members share a common citizenship with Plaintiff. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[C]itizenship of unincorporated associations

must be traced through however many layers of partners or members there may be." (citations omitted)).[1] As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indemnification. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Accordingly, Defendant is AFFORDED to and including May 1, 2024, to file a supplemental jurisdictional statement that adequately articulates Defendant's citizenship.

SO ORDERED.

Entered this 24th day of April 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] Defendant's amended disclosure statement (ECF 8) does not cure this deficiency because it makes the same allegations as in the notice of removal.